Filed 3/7/14  P. v. Scott CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058840 |
| v. | (Super.Ct.No. FWV07023) |
| BYRON LEROY SCOTT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed with directions.

James R. Bostwick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Byron Leroy Scott appeals after the superior court denied his petition for resentencing under Penal Code section 1170, subdivision (d)(2). Both defendant and the People agree that the superior court improperly failed to exercise its discretion in considering defendant's petition to recall the sentence, mistakenly treating the petition as one for recall of a three strikes sentence rather than a recall of a life-without-parole sentence for crimes committed as a juvenile. We reverse and remand with directions for a proper exercise of the superior court's discretion.

FACTS AND PROCEDURAL HISTORY

The record does not contain any detailed facts concerning defendant's crimes. However, he was charged with two counts of murder, one count of residential burglary, one count of residential robbery, and one count of attempted forcible rape, arising out of acts that took place on January 17, 1995. Defendant was a few months shy of his 18th birthday at the time of the offenses.

Defendant was tried as an adult, and convicted by a jury of all counts on May 23, 1996. The jury found true special circumstance allegations of burglary-murder, robbery-murder, murder in the commission of attempted rape, multiple murder, and lying-in-wait as to count 2, but found not true the lying-in-wait special circumstance allegation as to count 1.

The court sentenced defendant on July 11, 1996. The court imposed the aggravated term of six years on count 3 (residential burglary), imposed and stayed the aggravated term of three years on count 4 (residential robbery), and imposed the middle

2

term of one year on count 5 (attempted rape), to run consecutive to the sentence on count 3. The determinate term was therefore set at seven years. As to the murder counts, the trial court imposed consecutive life terms without possibility of parole.

On March 27, 2013, approximately 17 years after beginning to serve his sentence, defendant filed a petition with the superior court to recall his sentence pursuant to Penal Code section 1170, subdivision (d)(2). That provision states, in relevant part, that "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has served at least 15 years of that sentence, the defendant may submit to the sentencing court a petition for recall and resentencing." (Pen. Code, § 1170, subd. (d)(2)(A)(i).)

Here, the superior court treated defendant's petition as if it were one to recall a sentence under the "Three Strikes" law (Pen. Code, § 1170.126). The court denied the petition, noting first that defendant was not sentenced under the Three Strikes law, and second that he would have been ineligible for resentencing under Penal Code section 1170.126, because his current offenses include two counts of murder.

Defendant appeals, contending that the superior court failed to exercise its discretion properly, because it erroneously treated defendant's petition for recall of sentence as one under Penal Code section 1170.126, rather than under Penal Code section 1170, subdivision (d)(2).

3

ANALYSIS

I. The Matter Must Be Remanded for the Superior Court to Properly Exercise Its

Discretion Under Penal Code Section 1170, Subdivision (d)(2)

Defendant argues, and the People agree, that the superior court erred in denying defendant's petition to recall his sentence. The superior court deemed defendant's petition to be one pursuant to Penal Code section 1170.126, for recall of an old three strikes sentence. Defendant's petition was based, however, on a different provision: Penal Code section 1170, subdivision (d)(2), allows an inmate to petition for recall of sentence where the inmate was subject to a life sentence without possibility of parole, the inmate was under 18 years of age when the crime was committed, and the inmate has served at least 15 years of the sentence.

Such a petition must describe the inmate's remorse for the crime and work toward rehabilitation, and must include a statement or showing of any of several possible mitigating circumstances, such as: (1) conviction under the felony-murder rule or as an aider and abettor; (2) no significant juvenile felony adjudications for assault or crimes involving personal harm; (3) committing the crime with at least one adult codefendant; (4) cognitive limitations; (5) taking actions toward rehabilitation or which demonstrate remorse; or (6) remaining free of prison disciplinary actions. (Pen. Code, § 1170, subd. (d)(2)(F)(i)-(viii).) If the superior court finds by a preponderance of the evidence that the allegations of the petition are true, then it must hold a hearing to consider whether to recall the original sentence. The superior court is expressly granted

4

discretion, based upon its evaluation of criteria set forth in the statute, to recall the sentence and resentence the inmate as if he or she had not been previously sentenced. (Pen. Code, § 1170, subd. (d)(2)(G).)

Because the trial court here mistakenly considered defendant's petition as if it were one for recall of a three strikes sentence, and not one under Penal Code section 1170, subdivision (d)(2), it failed to properly exercise its discretion in considering the relevant statutory criteria for recall of defendant's sentence.

"An erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion." (*People v. Bruce G.* (2002) 97 Cal.App.4th 1233, 1247.)

DISPOSITION

The denial of defendant's petition to recall his sentence is reversed. The matter is remanded to the superior court with directions to properly exercise its discretion under Penal Code section 1170, subdivision (d)(2), and the relevant criteria stated there.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
Acting P. J.


CODRINGTON
J.

5